## A04A0299. KORTES et al. v. BRANCH et al.
### (595 SE2d 329)

ANDREWS, Presiding Judge.

Lindsey Kortes sued Thomas Branch for injuries she allegedly suffered when the automobile she was driving was struck from the rear by an automobile driven by Branch.[1] Although Branch stipulated that he negligently made contact with the rear of Kortes's automobile, and Kortes claimed she was injured as a result of the accident, the jury returned a verdict in favor of the Branches. On appeal, the Korteses claim the trial court should have granted their motion for a new trial because the evidence demanded a verdict in their favor. We find there was evidence supporting the jury's verdict in favor of the Branches and affirm.

The following principles apply to our review of the evidence. Where a verdict has been returned by the jury and approved by the trial judge, "the evidence is to be construed in the light most favorable to the prevailing party, and every presumption and inference [are] in favor of sustaining the verdict." *Perfect Image v. M & M Elec. Constructors*, 191 Ga. App. 605, 607-608 (382 SE2d 405) (1989). "[I]f there is any evidence to sustain the verdict of the jury, an appellate court will not disturb it." *Suber v. Fountain*, 151 Ga. App. 283, 285 (259 SE2d 685) (1979). Moreover, even where a defendant admits negligence which caused the accident, "before any negligence can be actionable it must be proven to be the proximate cause of the injuries of the complainant." *Campbell v. Forsyth*, 187 Ga. App. 352, 355 (370 SE2d 207) (1988). Finally, except in plain and indisputable cases, the issue of proximate cause is for the jury. Id.

Applying these principles, we find there was evidence from which the jury could have reasonably found in favor of the Branches by concluding that Kortes sustained no significant injuries as a proximate result of the accident. The evidence showed that Kortes stopped her automobile in a line of heavy traffic, and Branch approached slowly from the rear in his automobile and made contact with Kortes's automobile in what Kortes described as a minor accident. So minor that Kortes testified she initially did not realize contact with another automobile had caused her automobile to move forward. The evidence showed minor damage to Kortes's bumper and no discernible damage to Branch's automobile. Kortes testified that she felt no pain and told Branch and a police officer at the scene that she was not injured. About a week after the accident, Kortes went to a

---

[1] Kortes and Branch were minors at the time of the accident. Kortes's parents, William and Laurie Kortes, joined in the suit claiming loss of their daughter's services to the family as a result of her injuries, and Branch's father, Charles Branch, was named as a defendant under the family purpose doctrine.

chiropractor complaining of back, neck and shoulder pain and was diagnosed with various strains or sprains and multiple joint dysfunction. However, 13 x-rays taken by the chiropractor showed no broken bones, and a medical doctor concluded that an MRI was normal. After two weeks of treatment by the chiropractor and two or three additional weeks of physical therapy, Kortes testified that she still had "occasional problems" and pain in her back. She then went to a second chiropractor "just to make sure I was doing better," who told her she was fine but nevertheless treated her monthly "just for maintenance." On cross-examination, Kortes admitted that, contrary to her trial testimony, she stated in her pre-trial deposition that she was "100 percent better" after the physical therapy.

Although the jury could have concluded on these facts that Kortes was injured as a proximate result of the accident, that conclusion was not demanded by the evidence, and there was evidence sufficient to support the contrary conclusion that Kortes was not injured as a proximate result of the accident.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 16, 2004.

*Sell & Melton, Mitchel P. House, Jr., Neil A. Halvorson*, for appellants.

*Harvey G. Berss*, for appellees.

